OPINION
The defendant-appellant, Frank T. Maag ("the appellant"), appeals from the judgment of sentence of the Hancock County Court of Common Pleas. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history of the case are as follows. In March 1998, officers from the Findlay Police Department responded to a report of an alleged rape. The victim, Kathy Cornwell, twelve years-old at the time, informed the officers that the appellant had raped her at the home of her girlfriend, Julie Campbell, also twelve years-old. At the time of the alleged incident, the appellant was the live-in boyfriend of Julie's mother.
According to Kathy's statements, shortly after she and Julie went to bed on a sofa-bed located in the living room, the appellant approached her and began to orally rape her. Kathy informed the police that the appellant had, on two occasions, attempted to vaginally rape her, but that she was ultimately able to fend off his sexual advances. Later that morning, Kathy observed Julie and the appellant engaging in sexual intercourse.[1]
In April 1998, the appellant was indicted by the Hancock County Grand Jury on five counts of rape, in violation of R.C.2907.02(A)(1)(b), each a felony of the first degree. On September 22, 1999, pursuant to a negotiated plea agreement, the appellant pleaded guilty to four counts of rape. In exchange for the appellant's guilty pleas, the State of Ohio dismissed the remaining charge of rape. The trial court accepted the appellant's guilty pleas and found him guilty of four counts of rape.
A sentencing hearing was held on February 10, 2000. The appellant was sentenced to concurrent seven-year terms of imprisonment with respect to count one and count two of the indictment. The trial court sentenced the appellant to consecutive eight-year terms of imprisonment with respect to count three and count four of the indictment. The aggregate seven-year term of imprisonment imposed in count one and count two was ordered to run consecutive to the terms of imprisonment imposed in count three and four. Thus, the appellant was sentenced to a total term of imprisonment of twenty-three years.
At the conclusion of sentencing hearing, the trial court held a sexual classification hearing to determine whether the appellant was a sexual predator. At the conclusion of the sexual classification hearing, the trial court notified the respective parties that a decision upon the appellant's status as a sexual predator would be forthcoming. The results of the sentencing hearing were journalized pursuant to an entry filed on February 10, 2000.[2]
It is from this judgment that the appellant now appeals, setting forth the following sole assignment of error.
 ASSIGNMENT OF ERROR The trial court erred when it sentenced the appellant to consecutive sentences for an aggregate of twenty-three years of incarceration.
 In his sole assignment of error, the appellant maintains that the trial court erred in sentencing him to consecutive sentences. Specifically, the appellant asserts that the seriousness and recidivism factors of R.C. 2929.12 do not support the imposition of consecutive sentences.[3] For the following reasons, we find no merit to the appellant's assignment of error and affirm the judgment of the trial court.[4]
Senate Bill 2 requires a court that sentences a felony offender to be guided by the overriding purposes of felony sentencing, which are protecting the public from future crime and punishing the offender. R.C. 2929.11(A). Additionally, the court must impose a sentence "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).
Unless a mandatory prison term is required, the court "has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11
of the Revised Code." R.C. 2929.12(A). However, in exercising that discretion, the court must consider the factors set forth in subdivisions (B), (C), (D), and (E) of R.C. 2929.12. Id. These factors relate to the seriousness of the conduct of the offender and the likelihood that the offender will commit future crimes.Id. The sentencing court may consider additional factors that it finds relevant to achieving the R.C. 2929.11 purposes and principles of sentencing. Id. After performing the seriousness and recidivism analysis required by R.C. 2929.12, the trial court is guided by R.C. 2929.13 in determining the sanction or combination of sanctions to impose upon the felony offender.
Furthermore, under Ohio felony sentencing law, a trial court must make certain findings prior to sentencing a defendant to consecutive sentences. R.C. 2929.14(E) states, in pertinent part, as follows:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was * * * under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 This Court has held that when consecutive sentences are imposed under R.C. 2929.14, the trial court must also set forth its reasons for imposing consecutive sentences pursuant to R.C. 2929.19(B)(2)(c).
In the case before us, the trial judge stated on the record at the sentencing hearing that the imposition of consecutive sentences was necessary to protect the public from future crime and to punish the offender. The trial judge further found that the imposition of consecutive sentences was not disproportionate to the seriousness of the appellant's conduct and to the danger he posed to the public. The trial judge also noted that the appellant committed the instant offenses while under post-release control for a prior offense. Thus, the trial judge complied with the statutory requirements of R.C. 2929.14(E)(4) in sentencing the appellant to consecutive terms of imprisonment. The trial court also considered the seriousness and recidivism factors of R.C.2929.12 in support of its decision to impose consecutive terms of imprisonment.
Although the trial court adequately explained why it had elected to impose consecutive terms of imprisonment, the appellant argues that the court's findings with respect to the seriousness and recidivism factors of R.C. 2929.12 are unsupported by the record. Initially, the appellant argues that, in imposing consecutive terms of imprisonment, the trial court erred in finding that he had shown no remorse for his conduct, a factor indicating that he is likely to commit future crimes pursuant to R.C. 2929.12(D)(5). The appellant also contends that the trial court erred in neglecting to find that he had shown remorse for his conduct, a factor indicating that he is not likely to commit future crimes pursuant to R.C. 2929.12 (E)(5).
A review of the record in this case reveals that the appellant did state at the sentencing hearing that he was remorseful for what he had done, that he had acted wrongly, and that he would be willing to undergo treatment. Nonetheless, the trial judge stated on the record that the appellant had shown little remorse for his conduct, and that he had been less then candid regarding the incidents which ultimately lead to his arrest and conviction.
This Court had repeatedly held that a trial court is in the best position to address the sincerity and genuineness of a defendant's statement at the sentencing hearing. See State v.Bennett (June 21, 2000), Hancock App. No. 5-2000-05, unreported; see, also, State v. Sims (Dec. 9, 1998), Summit App. No. 19018, unreported, citing State v. Howard (Sept. 11, 1998), Hamilton App. No. C-971049, unreported. Because the trial court was in a better position to observe the appellant's demeanor and sincerity in this case, we cannot say that the court erred in finding that the appellant did not exhibit genuine remorse for his conduct, a factor indicating that he is likely to commit future crimes, or that the trial court erred in failing to consider his remorse, a factor indicating that he is not likely to commit future crimes. See R.C. 2929.12 (D)(5) and (E)(5). For the foregoing reasons, we find the appellant's arguments not well-taken.
The appellant next argues that the trial court erred in finding that Julie Campbell had suffered psychological harm, a factor indicating that his conduct was more serious than conduct normally constituting the offense. See R.C. 2929.12(B)(2). Because both of the victims in the present case were twelve years old at the time of the alleged acts of rape, we cannot say that the trial court erred in concluding that Kathy and Julie had suffered psychological harm. Therefore, we find no merit to the appellant's argument.
The appellant further maintains that the trial court erred in failing to find that he had a low likelihood of recidivism. In support of his position, the appellant relies upon the October 27, 1999, report of the Court Diagnostic Treatment Center of Toledo, Ohio, which concluded that the appellant could not be considered likely to commit further sexually oriented offenses. We have reviewed the record in this case and, despite the finding of the Diagnostic Treatment Center, cannot in good conscience say that the trial court erred in failing to find that the appellant had a low likelihood of recidivism.
In conclusion, we cannot say by clear and convincing evidence the record does not support the sentence. Accordingly, the appellant's assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
WALTERS and SHAW, JJ., concur.
[1] The record reveals that the appellant and Julie had an on-going sexual relationship.
[2] The sexual classification determination was not journalized in the trial court's judgment entry of conviction and sentence.
[3] Although the appellant has argued that the standard of review of a trial court's sentence is abuse of discretion, we observe that R.C. 2953.08(G)(1) allows a reviewing court to vacate a sentence and remand it to the trial court for resentencing only if the appellate court finds, by clear and convincing evidence, that "(a) the record does not support the sentence; * * * [or] (d) [t]hat the sentence is otherwise contrary to law."
[4] Although the judgment entry from which the appellant appeals neglects to set forth a final determination with regard to the appellant's status as a sexual predator, we find that a final appealable order exists as to the remaining issues set forth in the judgment entry of conviction and sentence.